NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HANS ZEVALLOS-LLAQUE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-16

Agency No.
A215-673-957

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 3, 2024
San Francisco, California

Before: M. SMITH, HURWITZ, and JOHNSTONE, Circuit Judges.

Hans Zevallos-Llaque, a native and citizen of Peru, petitions for review of a
decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from
an order of an Immigration Judge ("IJ") denying asylum, withholding of removal,
and protection under the Convention Against Torture ("CAT"). Exercising
jurisdiction under 8 U.S.C. § 1252, we deny the petition.

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The IJ did not deny Zevallos-Llaque due process by failing to develop the record on a particular social group ("PSG") based on sexual orientation. The IJ "explore[d] for all the relevant facts" by asking open-ended questions and directly inviting Zevallos-Llaque to discuss his sexuality and fear of harm. *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) (quoting *Jacinto v. INS*, 208 F.3d 725, 733 (9th Cir. 2000)). Nevertheless, Zevallos-Llaque never mentioned his sexuality during the merits hearing, and "nothing alerted the IJ that more questioning was required." *Zamorano v. Garland*, 2 F.4th 1213, 1227 (9th Cir. 2021); *see also Hussain v. Rosen*, 985 F.3d 634, 644–45 (9th Cir. 2021).

2. The IJ also did not deny Zevallos-Llaque due process by failing to infer from his testimony that he faced persecution as a member of a PSG of "individuals educated and certified by the Peruvian government to access restricted areas in Peruvian ports." Again, the IJ properly developed the record on this issue. *See Zamorano*, 2 F.4th at 1226–27. The IJ did not otherwise ignore Zevallos-Llaque's proffered port-worker PSG, as the IJ recognized that Zevallos-Llaque faced past harm "while working in his profession," and nonetheless found that any harm suffered or feared did "not amount to persecution based upon membership in a particular social group." *Cf. Antonio v. Garland*, 58 F.4th 1067, 1075 (9th Cir. 2023) (finding legal error where IJ failed to address proffered PSG).

3. Substantial evidence supports the IJ's finding that Zevallos-Llaque

failed to establish a nexus between membership in a PSG and any past or feared harm. The IJ found that any "harm that the respondent suffered . . . appears to be acts of violence by criminal elements," and the record does not compel a contrary conclusion. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

4.      Substantial evidence also supports the denial of CAT relief. An applicant seeking CAT relief must demonstrate "that it is more likely than not that he or she would be tortured if removed," 8 C.F.R. § 1208.16(c)(2), "by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity," *id*. § 1208.18(a)(1). The record does not compel the conclusion that Zevallos-Llaque is likely to experience torture on return. Rather, the record supports the IJ's finding—rendered after review of all relevant evidence, including evidence that Zevallos-Llaque's family members remain safely in the country—that Zevallos-Llaque can safely relocate within Peru.

**PETITION FOR REVIEW DENIED.**